**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Civil Action Number:

ALEXANDER JOHNSON,

    Plaintiff,

vs.

COMCAST CABLE COMMUNICATIONS, LLC,

    Defendant.

**COMPLAINT**

Plaintiff, Alexander Johnson ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Comcast Cable Communications, LLC ("Defendant") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760, specifically, F.S. §760.08 and alleges:

**JURISDICTION AND VENUE**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §§36.302, 36.303 and supplemental jurisdiction over the related state law claim

1

pursuant to 28 U.S.C. §1367. The foregoing constitutes violation of 28 C.F.R. §§36.302, 36.303 and 42 U.S.C. §12182.

2. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the State of Florida, Southern District of Florida.

4. The remedies provided by Florida Statute §760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the Southern District of Florida.

6. Defendant is authorized to conduct business within the State of Florida as a foreign limited liability corporation.

7. Defendant maintains a physical presence within this district through its Xfinity Brand of Comcast Service Centers. Xfinity stores and service centers are physically located within this district and are facilities which are open to the public.

8. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

## THE PARTIES

9. Plaintiff Alexander Johnson was (and is currently) a resident of the State of Florida who suffers from what constitutes a "qualified disability" under the ADA. Plaintiff is (and has been) hearing impaired and suffers from severe bilateral sensor neural hearing loss. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2); Plaintiff's

hearing impairment is listed among the physical impairments that substantially limits one or more major life activities; therefore Plaintiff suffers from a disability covered by the protected class of disabled persons under the ADA and by Florida Statutes §§760.01(2), and 760.02(6).

10.     Defendant is the owner and operator of the Xfinity brand of Comcast Service Centers chain of retail facilities (stores) which sell and service five core services for use by people, homes and businesses:  1)Xfinity TV,  2) Xfinity Voice home phone, 3) Xfinity Internet,  4) Xfinity Home security, and  5) Xfinity Mobile.  The defendant's Xfinity stores also rent and service the equipment (such as cable modems, wireless routers, cable TV boxes) which is used to access the services offered for sale within the Xfinity stores by the Defendant.  The Defendant's Xfinity brand of Comcast Service Centers are open to the public, many of which are located within the State of Florida.

11.     Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "other sales or rental establishments" as defined in 42 U.S.C. § 12181(7)(E) and 28 C.F.R. §36.104(5), and also as "other service establishments" as defined in 42 U.S.C. § 12181(7)(F) and 28 C.F.R. §36.104(6)

12.     The Defendant's Xfinity Comcast Service Centers are facilities open to the public as Places of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as both an "other sales or rental establishment," and as an "other service establishment" as defined by 42 U.S.C. §§ 12181(7)(E) and (F); §12182, and 28 C.F.R. Part 36.104(5) and (6).  Defendant's Xfinity Comcast Service

3

Centers are also referenced throughout as "Place(s) of Public Accommodation," "service establishment(s)," or "Comcast service establishment(s)."

13. Each of Defendant's Comcast service establishments are open to the public and each service establishment is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "[A] laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or **other service establishment**," as defined by 42 U.S.C. §12181(7)(F); §12182, and 28 C.F.R. Part 36. Defendant's Comcast service establishments are also referenced throughout as "Place(s) of Public Accommodation," "service establishment(s)," or "Comcast service establishment(s)."

14. Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

15. <u>VISIT ONE:</u> On July 24, 2014, the Plaintiff personally visited Defendant's Comcast service establishment located at 4751 Sheridan Street, Hollywood, Florida 33021 to change his current home service internet plan. The Plaintiff's visit was prior to instituting the instant action.

16. Defendant's Comcast service establishment contained a television media feature consisting of a television set in the waiting area, wherein the television set provides a Comcast infomercial for the general public ("television media feature"). The television media feature provides information, education, and/or entertainment

4

for Comcast customers (or potential customers) while waiting to be called to the counter for service.

17. The Plaintiff asked a several employees at Defendant's Comcast service establishment for assistance in activating the closed captioning feature on the television media feature. An employee who appeared was unable to turn on the closed captioning so it could be accessible for the plaintiff, and none of the other employees were able to assist the plaintiff in this matter.

18. Defendant's representative did not turn off the television within the television media feature to prevent further discrimination. Thus, the Plaintiff was discriminated against and he was unable to fully comprehend the Comcast infomercial/entertainment/education system which was made available to the general public within Defendant's Comcast service establishment.

19. VISIT TWO: On February 27, 2017, the Plaintiff again personally visited Defendant's Comcast service establishment located at 4751 Sheridan Street, Hollywood, Florida 33021 regarding his internet plan. The Plaintiff's visit was prior to instituting the instant action.

20. The television media feature was operational, and the television set was again displaying a Comcast infomercial/entertainment/educational program for the general public in the waiting room area, but as with Plaintiff's previous visit, the closed captioning feature was still not active on the television set.

21. The Plaintiff asked Defendant's representative (an employee within the Comcast service establishment) for assistance in activating the closed captioning feature on the television set comprising the television media feature. The employee stated that

5

they could not enable closed captioning on the television set providing the television media feature.

22. Defendant's representative did not turn off the television media feature to prevent further discrimination. Thus, the Plaintiff was unable to fully comprehend the television programing which was made available to the general public within Defendant's Comcast service establishment.

23. In each instance where the Plaintiff visited Defendant's Comcast service establishment, Defendant failed to make the television set within its television media feature readily accessible to and usable by individuals with hearing disabilities by providing closed captioning for patrons with hearing disabilities.

24. During his various visits to the Defendant's Comcast service establishment, the Plaintiff wanted to be entertained and informed and educated to the same extent as provided to the general public by watching the television programming on the television media feature which was/is centrally mounted within the waiting room area. However, the Plaintiff was unable to comprehend the television programming fully because the television sets were not displayed with closed captioning.

25. Defendant failed to make the audio portion of the audio-visual programming within the television media feature readily accessible to and usable by individuals with hearing disabilities.

26. The Plaintiff was denied the ability to fully comprehend the entertainment and information displayed on the television media feature at Defendant's Comcast service establishment; therefore, the Plaintiff suffered an injury in fact.

27. This discrimination has resulted in Plaintiff being denied full and equal information/education/entertainment experience while seated in the waiting area at the Defendant's Comcast service establishment, which is a place of public accommodation, which is the subject of this lawsuit. See, Exhibit "A" for verification of Plaintiff's visit to the Defendant's place of public accommodation.

28. On information and belief, the Defendant is well aware of the ADA and the need to provide for closed captioning on the televisions displayed in their waiting rooms for their patrons.

29. Therefore, the Defendant's failure to reasonably accommodate the hearing disabled by providing closed captioning for its television display at its Comcast service establishment is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

30. As a result of being denied the information contained in the audio portion of the television media feature, plaintiff was denied the ability to make best informed decisions regarding the choices available in the programs, products and services offered by Comcast to their customers and the general public. Plaintiff also suffered loss of dignity, mental anguish, and other tangible injuries.

31. Plaintiff was an account holder for Comcast services and has every right to be serviced at Defendant's Comcast service center. Plaintiff continues to desire to return to Defendant's Comcast service establishment, but continues to be injured in that, because of Defendant's refusal to enable closed captioning on the television media feature's within its waiting area, Plaintiff is unable to understand the television

7

programming as presented therein, in violation of his civil rights, the ADA, and state statutes.

## COUNT I – CLOSED CAPTIONS – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

32. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1–31 herein above.

33. The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 28 years.

34. The Hearing Loss Association of America reports that approximately 36 million American adults report some degree of hearing loss. Approximately 1 million Americans are functionally deaf.

35. Many people with hearing loss utilize closed and open captioning to fully comprehend television programming. Captioning displays dialogue and may also identify who is speaking and include non-speech information conveyed through sound, such as sound effects, music and laughter.

36. For the hearing disabled, captioning is essential to understanding information being presented though television programming. Captioning is the established method by which the hearing impaired can fully understand the information that is being communicated such as the Defendant's Comcast infomercial.

37. Plaintiff's hearing impairment limits major life activities including his ability to hear. Therefore, Plaintiff is an individual with a disability under Title III of the "ADA", 42 U.S.C. §§ 12181-12189. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 42 U.S.C. §12181, *et. seq.*

38. Public accommodations such as the Defendant are required to provide full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181(7)(F), §12182(a); 28 C.F.R. §36.203(a). Specifically, the public accommodation must:

   a) Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of their goods, services, facilities, privileges, advantages or accommodations. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a);

   b) Make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to people with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations. 42 U.S.C. §12181(9), § 12182(b)(1)(B), § 12188(a); 28 C.F.R. § 36.302(a);

   c) Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation

can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. 42 U.S.C. §12818(9), §§ 12182(b)(2)(A)(ii), (iii); 28 C.F.R. §36.303(a);

d) Ensure that all of the television media features within its place(s) of public accommodation are readily accessible to, and usable by, people with disabilities. 42 U.S.C. §12183(a).

39. The Defendant has violated Title III of the ADA in numerous ways, including discriminatory action which occurred when the Defendant:

a) Failed to maintain policies and procedures to ensure compliance with 42 U.S.C. §12182(a); 28 C.F.R. §36.303(a); specifically failed to provide auxiliary aids and services for patrons who are deaf or hard of hearing who use and watch the television programing provided within the Defendant's place of public accommodation.

b) Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of 42 U.S.C. §§ 12182(b)(2)(A)(ii) & (iii), 28 C.F.R. §36.303(a), and 28 C.F.R. §36.303(b)(1).

40. The relief requested by Plaintiff (provision of closed captioning on television media feature content) is readily achievable by Defendant (within the definition of 36.104 and 34.104(4) and (5)) as Defendant has achieved gross revenue in

2017 of $84 billion dollars, and withstanding the fact that Defendant owns the television network NBC, which captions their programs every day as a matter of course[1].

41.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to require the Defendant to assure that its Comcast service establishment, which is a place of public accommodation, provide full and equal enjoyment of its goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181(9), §12812(a); 28 C.F.R. §36.201(a).

42.     The Court is vested with the authority to require the Defendant to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to people with disabilities. 42 U.S.C. §12181(9), §12182(b)(2)(A)(ii); 28 C.F.R. §36.302(a).

**WHEREFORE,** Plaintiff Alexander Johnson respectfully prays that this Court grant the following relief against Defendant Comcast Cable Communications, LLC including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny Plaintiff full and equal enjoyment of its goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities. This includes entry of a permanent injunction ordering the Defendant Comcast Cable Communications, LLC:

a)      To cease discrimination against the Plaintiff and other disabled persons;

---

[1] https://www.cmcsa.com/static-files/2cf8cc4d-6df4-47db-87f8-45c4778c96ba

b) To assure that Defendant's places of public accommodation provide full and equal enjoyment of its goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities;

c) To furnish appropriate auxiliary aids and services for patrons who are deaf or hard of hearing for all television media features (including but not limited to providing closed captioning) and to ensure effective communication with people with disabilities unless the Defendant can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or result in an undue burden. "Auxiliary aids and services" includes open and closed captioning, assistive listening devices, assistive listening systems, videotext displays, accessible electronic and information technology or other effective methods of making aurally delivered information available to individual who are deaf of hard of hearing in its places of public accommodation. 42 U.S.C. §12181(9), §12182(b)(2)(A)(ii); 28 C.F.R. §36.303(a);

d) Insure that all of Defendant's television media features are readily accessible to, and usable by, people with disabilities;

e) Maintain in operable working condition those television features required to be accessible by said Order;

f) Award reasonable costs and attorneys fees; and

g) Award any and all other relief that may be necessary and appropriate.

## COUNT II - VIOLATION OF FLORIDA STATUTE §§760

43.     Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1-31 herein above.

44.     The Defendant has violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the grounds of handicap.

45.     The violation of Florida law was deliberate and knowing.

**WHEREFORE,** Plaintiff Alexander Johnson respectfully prays that this Court grant the following relief against the Defendant Comcast Cable Communications, LLC, including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

a)     A declaration that the policies and procedures of the Defendant violated Florida Statute §760 in that the Defendant has failed to consider and accommodate the needs of hearing disabled persons to the full extent required by Florida law.

b)     An Order mandating that the Defendant furnish appropriate auxiliary aids and services for patrons who are deaf or hard of hearing in all television features (including but not limited to providing close captioning) where necessary and to ensure effective communication with people with disabilities. "Auxiliary aids and services" includes open and closed captioning, assistive listening devices, assistive listening systems, videotext displays, accessible

electronic and information technology or other effective methods of making aurally delivered information available to individual who are deaf of hard of hearing in its places of public accommodation;

c) An Order mandating that the Defendant train its employees, including management staff, to comply with all appropriate laws;

d) An Order mandating that the Defendant evaluate its policies, practices, and procedures toward persons with disabilities and undertake and complete corrective measures to provide equal access to individuals with disabilities who are deaf or hard of hearing within a reasonable time;

e) Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

f) Award reasonable costs and attorneys fees; and

g) Award any and all other relief that may be necessary and appropriate.

Dated this 31st of May, 2018

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Action Number:

ALEXANDER JOHNSON,

    Plaintiff,

vs.

COMCAST CABLE COMMUNICATIONS, LLC,

    Defendant.

## VERIFICATION OF COMPLAINT

Plaintiff Alexander Johnson declares under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 5-30-2018

*Alexander Johnson*

**EXHIBIT "A"**